

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2525
Re: Validity of the judgment
taken in the case of State of
Texas v. A. J. Laycook

We are in receipt of your letter, together with
the papers enclosed therewith, in which you request an
opinion of this Department as to the validity of the
judgment taken in the case of State of Texas v. A. J.
Laycook.

Suit was instituted by the State for the collection of delinquent real property taxes. The defendant tax-payer filed what he called "Defendant's Original Motion."

"Specially answering herein, this defendant would
show that the taxes sued for are based upon a valuation
for the years of 1930 to the year of 1938, both years
inclusive, of the tract of land numbered and described
in the plaintiff's petition in an amount greatly in
excess of the valuation placed upon other lands of
similar character, location and value, and that for
each of said years the valuation placed upon said land
of this defendant and described in plaintiff's petition
was excessive and results in an unfair and illegal
discrimination against the previous owners of this
land and this defendant and against said property, and
that said total valuation of said number of years is
double what it should have been and what was commonly
used as a basis of value on other lands similarly
situated and of like nature in Collingworth County,
Texas."

Defendant also prays for the following judgment of
the court:

"WHEREFORE this defendant prays that he have
judgment of the Court, establishing the value of
the land in question, at not exceeding the sum of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2.

One Thousand Two Hundred Eighty and No/100. $1280.00. Dollars, as a fair and reasonable value for tax purposes on the tract of land described in plaintiff's petition, for each of the years above mentioned and for general and special relief, both in law and in equity."

Based on such pleading the court rendered judgment in which it was recited as follows:

"2. That the valuation placed upon Section No. 4, in Block No. 13, of the E&GN RR Co. Surveys in Collingsworth County, Texas, by the Board of Equalization of Collingsworth County, Texas, for the years of 1930, 1931, 1932, 1933, 1934, 1935, 1936, 1937, and 1938 is excessive, arbitrary, and results in an unlawful discrimination against the former owners thereof, Evelyn Willoughby, Booker Willoughby and the present owner, A. J. Laycock, in comparison with valuations placed by said board on other properties of the same class in Collingsworth County, Texas.

"3. The court further finds that the taxes have been paid on the North East One Fourth (NE¼) of said Section for the years of 1930, 1931, 1932, and 1933 and that as to this quarter section the taxes are unpaid and delinquent only for the years 1934, 1935, 1936, 1937, and 1938, and further finds that a reasonable, fair, and equitable valuation of said land for each of the years above mentioned as compared with similar property in said county as of January 1, of each respective year is as follows: 1930 the South Half (S½) and North West One fourth (NW¼) $1440.00; for the year 1931 on the South Half (S½) and North West One Fourth (NW¼) $1440.00; for the year 1932 on the South Half (S½) and North West One Fourth (NW¼) $1440.00; for the year 1933 on the South One Half (S½) and North West One Fourth (NW¼) $1440.00; and for the years 1934, 1935, 1936, 1937, and 1938 on all of said section the sum of $1920.00.

"4. The court further finds that the plaintiff is entitled to recover judgment for taxes on the South One-Half (S½) and the North West One Fourth (NW¼) of said Section for the years of 1930,

Honorable George H. Sheppard, page 3.

1931, 1932, and 1933 and is entitled to recover taxes as to all of said section of land for the years of 1934, 1935, 1936, 1937, and 1938 inclusive together with the legal penalty interest and costs based on the valuation for each year as above set forth and is entitled to a foreclosure of the tax lien on said property for the taxes against the same as herein shown."

Your attention is called to opinion No. 0-1886 of this Department addressed to yourself. You are advised that the conclusions announced in that opinion are applicable to the case you present. A copy of the same is enclosed for your information. It is our opinion that the judgment taken in the case of State v. A. J. Laycock is a valid one in that the same is not subject to collateral attack.

Accompanying your letter you enclose a letter addressed to yourself from Honorable Howard S. Riggs, Assessor-Collector of taxes of Collingsworth County in which the following statement is contained:

"Also, we would like to have approval from the Attorney General on this procedure, as there are other taxpayers waiting the outcome of this case, and ready to step into District Court to have their valuations reduced."

This opinion is not to be construed as giving approval of the Attorney General's Department to the general procedure of going into District Court to have valuations reduced. Under the law of this State such procedure may be employed only in certain specified cases and each case rests on its own particular facts.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Billy Goldberg
Assistant

APPROVED AUG 23, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BG:AMM


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN